IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAUL A. KECK, | ) | CIV. NO. 06-00571 JMS-BMK |
| | ) | |
| Petitioner, | ) | FINDING & RECOMMENDATION |
| | ) | THAT PETITIONER'S |
| vs. | ) | APPLICATION FOR WRIT OF |
| | ) | HABEAS CORPUS BE DENIED IN |
| FRANK LUNA, Warden, Redrock | ) | PART AND GRANTED IN PART |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

FINDING AND RECOMMENDATION THAT PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS BE DENIED IN PART AND GRANTED IN PART

Before the Court is Petitioner Paul A. Keck's petition under 28 U.S.C. § 2254 for writ of habeas corpus. After careful consideration of the petition and the supporting and opposing memoranda, the Court FINDS and RECOMMENDS that the habeas petition be DENIED in part and GRANTED in part.

FACTUAL BACKGROUND

On September 16, 2004, Petitioner Paul A. Keck ("Keck") plead guilty in the Circuit Court of the First Circuit, State of Hawaii, to third-degree sexual assault in violation of Hawaii Revised Statute ("H.R.S.") § 707-732(1)(b), third-degree attempted sexual assault in violation of H.R.S. §§ 705-500 and 707-732(1)(b), and fourth-degree sexual assault in violation of H.R.S. § 707-733(1)(b).

On December 13, 2004, the State of Hawaii ("State") filed motions to impose extended terms and consecutive sentences of imprisonment on all counts, except for the fourth-degree sexual assault count. The motion was granted on May 13, 2005. Keck appealed to the Hawaii Intermediate Court of Appeals ("ICA"), where he argued that the Circuit Court erred in (1) granting the State's motion, (2) allowing Keck to be shackled at his sentencing hearing, and (3) refusing to permit Keck to cooperate with the probation officer so that a complete Presentence Diagnosis and Report ("PDR") could be submitted. The ICA affirmed the Circuit Court's decision on August 24, 2006. Keck then applied for a writ of certiorari to the Hawaii Supreme Court, which was denied on October 4, 2006.

On November 28, 2006, Keck filed his amended petition for writ of habeas corpus under 28 U.S.C. § 2254. In his petition for habeas relief, Keck asserted that his constitutional rights were violated by (1) having to appear at his sentencing hearing in shackles; and (2) the imposition of extended terms and consecutive sentences, without any factual bases being established by a jury beyond a reasonable doubt.

On February 7, 2007, the State filed a memorandum in opposition to Keck's petition. On February 10, 2007, Keck filed a memorandum in support of his petition.

On May 22, 2007, the State filed a notice withdrawing its "opposition to the contention of Petitioner Paul A. Keck that his extended terms of imprisonment were imposed in violation of federal law." (Notice 2.)

## RELEVANT LAW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may only grant a state prisoner's petition for habeas corpus where the state court's judgment "(1) resulted in a decision that was contrary to, or involved the unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Before a petitioner may bring a habeas petition to federal court, however, all of the claims raised must be exhausted in state courts. 28 U.S.C. § 2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971). To exhaust them, a petitioner must present his claims to the highest state court to give that court a fair opportunity to rule on the merits of each and every issue sought to be raised in federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 839-40 (1999); Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Galvan v. Alaska Dep't of Corr., 397 F.3d 1198, 1201-02 (9th Cir. 2005). A petitioner may present his claims either

on direct appeal or in state collateral proceedings. See Turner v. Compoy, 827 F.2d 526, 528 (9th Cir. 1987).

## DISCUSSION

Keck asserts two grounds for habeas relief: (1) appearing in shackles at sentencing before a judge violated his due process right to a fair sentencing hearing; and (2) the imposition of extended terms of imprisonment violated clearly established federal law. Keck properly exhausted both of these grounds by fairly presenting them as federal claims in state court.

## I.  SHACKLING

The Court recommends that Keck's petition be denied as to his shackling claim because there is no clearly established federal law against shackling a defendant during a sentencing hearing when the defendant appears before a judge. See United States v. Howard, 480 F.3d 1005, 1013 (9th Cir. 2007) (rule against restraints does not apply to a non-jury sentencing hearing). Although a defendant generally has a constitutional right to be free from restraint when tried before a jury,[1] "there is no tradition barring the use of shackles or other restraints at sentencing. Even many modern courts have concluded that the rule against visible shackling does not apply to sentencing." Deck v. Missouri, 544 U.S. 622, 651

---

[1] Williams v. Woodford, 384 F.3d 567, 591 (9th Cir. 2002).

(2005).  Moreover, the court has "wide discretion to decide whether a defendant who has a propensity for violence poses a security risk and warrants increased measures."  Morgan v. Bunnell, 24 F.3d 49, 51 (9th Cir. 1994).

Shackling is only proscribed where it (1) prejudices the defendant at the guilt-innocence phase of trial; (2) prejudices the defendant at the penalty phase of trial, where sentencing is conducted by a jury; (3) impairs the defendant's ability to communicate with counsel; (4) detrimentally affects the defendant's mental faculties; or (5) inflicts physical pain on the defendant.  See Duckett v. Godinez, 67 F.3d 734, 747 (9th Cir. 1995) (discussing factors considered in a court's decision to shackle); see also Holbrook v. Flynn, 475 U.S. 560, 567-68 (1986) (shackling a defendant during the guilt-innocence phase of trial can undermine the presumption of innocence, and consequently, influence the result); Howard, 480 F.3d at 1013 (juror bias, resulting from viewing a defendant in shackles, is a concern even at the penalty phase of trial, in that it may influence a jury's sentencing decision); Spain v. Rushen, 883 F.2d 712, 722-23 (9th Cir. 1989) (defendant's 25-pound shackles caused him "severe physical and psychological strain," interfering with his ability to cooperate and communicate with his counsel).

Here, none of these five circumstances existed.  First, Keck had progressed to the penalty phase of trial, where his guilt had already been

established; therefore, the presumption of innocence no longer applied. Second, because Keck's sentence was imposed by a judge only, the possibility of jury prejudice resulting at this phase because Keck was shackled was eliminated. See Howard, 480 F.3d at 1012 (stating that the presence of restraints will not affect a judge's sentencing determination because "we traditionally assume that judges, unlike juries, are not prejudiced by impermissible factors") (quoting United States v. Zubar, 118 F.3d 101, 104 (2d Cir. 1997)). Third, there is no evidence that the shackling in any way inhibited Keck from understanding what was going on, asserting himself, or consulting with counsel. In fact, partly due to his effective testimony, Keck was successful in having the PDR amended to reflect that "his behavior during his interviews with the probation officer was based on his mental health problems rather than a willful failure to cooperate." (Answer App. E. 49.) Finally, Keck has failed to make any argument that his restraints detrimentally affected his mental capacities or were painful. Therefore, none of the primary concerns associated with shackling were implicated by shackling Keck before a judge during his sentencing. Additionally, Keck's violent criminal history established a valid security concern warranting the use of restraints. Accordingly, the Court FINDS Keck's shackling did not violate any clearly established federal

law and RECOMMENDS that his petition for habeas corpus on this ground be DENIED.

II. EXTENDED TERMS

Keck also argues that his extended term sentencing violated clearly established federal law.  On May 22, 2007, the State notified the Court that it was withdrawing its opposition to this particular ground for relief.

Accordingly, the Court hereby FINDS that under Kaua v. Frank, 436 F.3d 1057 (9th Cir. 2006), Keck's extended term sentencing violated Apprendi v. New Jersey, 530 U.S. 466 (2000) and RECOMMENDS that habeas corpus be GRANTED on this ground and petitioner resentenced.

## CONCLUSION

For the foregoing reasons, the Court hereby FINDS and RECOMMENDS that Keck's petition for habeas corpus be DENIED in part and GRANTED in part, and that Keck be resentenced.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 19, 2007

Keck v. Luna; ORDER DENYING IN PART AND GRANTING IN PART PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS; Civ. No. 06-00571 JMS-BMK