IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAUL A. KECK, | ) | CIVIL NO. 06-00571 JMS-BMK |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDING AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PETIONER'S APPLICATION FOR |
| | ) | WRIT OF HABEAS CORPUS BE |
| FRANK LUNA, Warden, | ) | DENIED IN PART AND GRANTED IN |
| Redrock Correctional Facility, | ) | PART |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER ADOPTING FINDING AND RECOMMENDATION THAT
PETIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS BE DENIED
IN PART AND GRANTED IN PART

I. INTRODUCTION

Petitioner Paul A. Keck ("Keck") objects to the portion of the Magistrate Judge's Findings and Recommendations that his petition for habeas corpus pursuant to 28 U.S.C. § 2254 should be denied. Specifically, he objects to the Magistrate Judge's finding that appearing at sentencing before a judge in shackles did not violate his due process rights to a fair sentencing hearing. Keck does not object to the Magistrate Judge's finding that his extended term sentencing was imposed in violation of the Sixth Amendment. After a de novo review, the

court adopts the Magistrate Judge's Finding and Recommendation That Petitioner's Application for Writ of Habeas Corpus Be Denied in Part and Granted in Part ("F&R").

## II.  BACKGROUND

On September 16, 2004, in the First Circuit Court of the State of Hawaii, Keck pled guilty to four counts of third-degree sexual assault in violation of Hawaii Revised Statutes ("HRS") § 707-732(1)(b), two counts of third-degree attempted sexual assault in violation of HRS §§ 705-500 and 707-732(1)(b), and one count of fourth-degree sexual assault in violation of HRS § 707-733(1)(b).

Keck was sentenced on May 9, 2005.  Before sentencing, Keck's counsel questioned the need for him to be shackled during sentencing.  The state judge initially stated that the matter was left to the discretion of the Department of Public Safety, but then stated that based on a review of Keck's criminal record, "it included aggravated assault with a firearm, lewd and lascivious assault on a minor, as well as drug convictions.  So I think there is a basis in the record, and I'm leaving it up to the Public Safety folks." May 9, 2005 Tr. at 4-5. At the time, Keck's counsel (the same as his present counsel), stated that "my concern is no history of violence in the prison system." *Id*. at 5.  Keck was then sentenced by the court, outside the presence of any jury.

Keck appealed his sentence to the Hawaii Intermediate Court of Appeals, arguing in part that the circuit judge erred in permitting him to be sentenced while shackled. The court affirmed his conviction, stating that "[w]here the accused is shackled before a sentencing judge, however, scrutiny need not be so strict, given the general presumption that a judge is not easily inappropriately influenced or inclined." *Hawaii v. Keck*, 111 Haw. 457, 459, 142 P.3d 1286, 1288 (Haw. Ct. App. 2006). Reviewing the facts presented to the sentencing judge, the court found no error.

Keck filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 28, 2006. On June 19, 2007, Magistrate Judge Barry M. Kurren issued his findings, recommending that Petitioner's Application for Writ of Habeas Corpus be Denied in Part in Granted in Part. On the sole issued before this court, the Magistrate Judge recommended that the petition be denied "because there is no clearly established federal law against shackling a defendant during a sentencing hearing when the defendant appears before a judge." F&R at 4. The court further found that none of the primary concerns associated with shackling were present, and thus the practice did not violate Keck's rights. This court agrees in whole.

III.  STANDARDS OF REVIEW

**A.     Review of F&R**

When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. *Raddatz*, 447 U.S. at 673-74.  De novo review means the court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. *See Ness v. Comm'r*, 954 F.2d 1495, 1497 (9th Cir. 1992).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

**B.     Section 2254**

A petitioner is not entitled to relief under 28 U.S.C. § 2254 unless he or she can show that the state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

>Court of the United States; or
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established law under § 2254(d)(1) if it "applies a rule that contradicts the governing law" set forth in United States Supreme Court cases, or if it "confronts facts that are materially indistinguishable from a decision of [the United States Supreme Court] and nevertheless arrives at a result different from . . . . precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Although the source of clearly-established federal law is limited to Supreme Court cases, circuit law may be considered to determine whether a particular application is unreasonable or whether the law is "clearly established." *See Duhaime v. Ducharme,* 200 F.3d 597, 600 (9th Cir. 2000); *Barajas v. Wise*, 481 F.3d 734, 740 (9th Cir. 2007).

A state court's decision is an "unreasonable application" of clearly established federal law under § 2254(d)(1) if "the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In order to constitute an "unreasonable application" under § 2254(d)(1), the state court decision must be more than just

incorrect or erroneous.  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  The state court's application of federal law must be "objectively unreasonable."  *Id.*

A federal court may also grant a habeas petition if a state court's decision is based on an "unreasonable determination of the facts."  28 U.S.C. § 2254(d)(2).  Review of a state court's factual findings is highly deferential; the findings should be reversed only if "any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate."  *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). A federal court cannot second-guess a state court's factual determinations unless it finds that the state court was not only wrong, but was objectively unreasonable. *Taylor*, 366 F.3d at 999.

## IV.  ANALYSIS

In his objections to the F&R, Keck challenges the finding that his "violent criminal history established a valid security concern warranting the use of restraints."  F&R at 6.  He claims that this finding was based on a charge of Lewd and Lascivious Assault on a Minor in Florida, but that he was convicted of the lesser offense of "Expose Sexual Organs."  In support of his argument, Keck attached a copy of his State of Hawaii Presentence Diagnosis and Report ("Report").  He claims that the Report reflects a lack of violent criminal history.

The court first finds that there is no clearly established Supreme Court precedent against shackling a defendant during sentencing when only a judge, not a jury, is present. Although the Supreme Court has reviewed the shackling of a defendant before a sentencing *jury*, it has not addressed the constitutionality of shackling a defendant before a sentencing *judge*. *Deck v. Missouri*, 544 U.S. 622 (2005). In fact, the *Deck* dissent pointed out that "many modern courts have concluded that the rule against visible shackling does not apply to sentencing." *Id.* at 651.

The Second Circuit is one of those courts, holding that "the rule that courts may not permit a party to a jury trial to appear in court in physical restraints without first conducting an independent evaluation of the need for these restraints does not apply in the context of a non-jury sentencing hearing." *United States v. Zuber*, 118 F.3d 101, 102 (2d Cir. 1997). Further, the Ninth Circuit recently stated that it "has not decided whether a general policy of shackling a defendant for a proceeding in front of a judge violates due process." *United States v. Howard*, 480 F.3d 1005, 1012 (9th Cir. 2007). As these cases amply demonstrate, there is no Supreme Court precedent regarding the shackling of a defendant before a judge only. Absent such precedent, Keck's claim fails.

Even if there was clearly established Supreme Court law, the premise

of Keck's objection is simply faulty.  He claims that the Magistrate Judge erred in finding that he had been convicted of a crime of violence.  Although the Florida "Expose Sexual Organs" conviction may not be a crime of violence, his 2000 conviction for aggravated assault with a firearm is certainly a recent crime of violence.  The finding that Keck has a criminal history supporting the placement of shackles is fully supported by his criminal history.

## V.  CONCLUSION

For the reasons stated above, this court adopts the Magistrate Judge's Finding and Recommendation That Petioner's Application for Writ of Habeas Corpus Be Denied in Part and Granted in Part.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 6, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Keck v. Luna*, Civ. No. 06-00571 JMS-BMK, Order Adopting Finding and Recommendation That Petioner's Application for Writ of Habeas Corpus Be Denied in Part and Granted in Part